# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| LAMONT WILLIAMSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:22-CV-117 JAR |
| WARDEN BILL STANGE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Lamont Williamson for leave to commence this civil action without prepayment of the filing fee. While incarcerated, plaintiff has brought more than three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed in forma pauperis and dismiss plaintiff's complaint without prejudice.

## The Complaint

Plaintiff is a pro se litigant currently incarcerated at Southeast Correctional Center (SECC) located in Charleston, Missouri. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, and he names as defendants in the caption of his complaint, Warden Bill Stange and Functional Unit Manager Clifton Cossey. In the body of his complaint plaintiff also names as defendants Correctional Officer Unknown Dobbs and CCM Unknown Fluharty.

Plaintiff alleges that he was assigned to the Administrative Segregation Unit in March of 2022, after he was issued a conduct violation by Correctional Officer Dobbs. Plaintiff asserts that Dobbs issued him the conduct violation in retaliation for getting "his comrade" in "some degree

of trouble." He claims that he was originally supposed to serve only thirty (30) days in Administrative Segregation, however, after he complained to the Missouri Attorney General's Office and the Missouri Constituent Services Office, Warden Stange increased his time in Administrative Segregation to ninety (90) days. Nonetheless, plaintiff states that he ended up serving only thirty (30) days of the ninety (90) day sentence.

Plaintiff had complained to the Missouri Attorney General's Office that the Administrative Segregation Unit was "infested" with ants, water bugs, moths and spiders, and he sent specimens of the "vermin" to the AG's Office. Plaintiff asserts that inmates leave trash all over the Administrative Segregation Unit, and as a result the bugs have "infested" the Unit. He admits that exterminators have attempted to take care of the bugs by spraying, but he claims that outside exterminators have not been called into the Administrative Segregation Unit since 2018. Rather, internal exterminators have been used since that time, and the "infestation" has gotten worse.

Plaintiff has been released from the Administrative Segregation Unit; however, he claims that he is still limited from telephone privileges. He seeks monetary damages in this action, as well as an order from this Court to "change the pesticide" used to kill bugs in the Administrative Segregation Unit at SECC.

**Three Strikes Provision of the PLRA**

The Prison Litigation Reform Act of 1996 ("PLRA") enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g).  *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012).  Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain in forma pauperis status is limited if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim.  Section 1915(g) provides in relevant part:

2

> In no event shall a prisoner bring a civil action … under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action … in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

Review of this Court's files reveal that plaintiff has accumulated more than three strikes. *See Williamson v. Missouri Dept. of Corr., et al.,* No. 4:19-cv-1561 HEA (E.D. September 27, 2019) (summary dismissal on res judicata grounds and for failure to state a claim upon which relief may be granted)[1]; *Williamson v. Corizon, Inc., et al.,* No. 1:15-cv-220 ACL (E.D. Mo. October 12, 2016) ) (summary dismissal for failure to state a claim upon which relief may be granted and also because plaintiff's complaint was malicious); *Williamson v. Wallace, et al.,* No. 1:16-cv-67 SNLJ (E.D. Mo. May 6, 2016) (summary dismissal on for failure to state a claim and because plaintiff's complaint was legally frivolous); *Williamson v. Kemna, et al.,* No. 5:19-cv-6072 GAF (W.D.Mo. January 2, 2020) (summary dismissal on res judicata grounds).

As a result, this Court is unable to permit plaintiff to proceed in forma pauperis in this matter unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). An otherwise ineligible prisoner

---

[1] The Eighth Circuit Court of Appeals has recognized that dismissals on res judicata grounds are properly counted as "strikes" for purposes of 28 U.S.C. § 1915(g). *See Higgins v. Carpenter*, 258 F.3d 797, 801 (8th Cir. 2001) (prior cases dismissed as barred by res judicata qualified as strikes), *Burke v. St. Louis City Jails*, 603 F. App'x 525 (8th Cir. 2015) (affirming the portion of the district court's decision determining that the plaintiff had acquired three qualifying strikes when one of the cases the district court cited was dismissed on res judicata grounds); *see also Harmon v. Webster*, 26 F.App'x 844, 846 (11th Cir. 2008) (affirming the district court's determination that its dismissal on res judicata grounds should count as a strike for purposes of § 1915(g)).

3

must be in imminent danger at the time of filing the complaint; allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g).  *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Regarding plaintiff's claims of "infestation" of bugs in the Administrative Segregation Unit and retaliation, plaintiff does not claim he is under imminent danger of serious physical injury.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 3] is **DENIED**. *See* 28 U.S.C. § 1915(g)

**IT IS FURTHER ORDERED** that this action is subject to **DISMISSAL** without prejudice to plaintiff refiling a fully-paid complaint. *See* 28 U.S.C. § 1915(g).  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED**.

Dated this 21st day of September 2022.

JOHN A. ROSS  
UNITED STATES DISTRICT JUDGE