**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| LAMONT WILLIAMSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  1:22-CV-117 JAR |
| | ) | |
| WARDEN BILL STANGE, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This closed case is before the Court on self-represented plaintiff Lamont Williamson's motion for reconsideration of the dismissal of his civil rights action. On September 21, 2022, the Court denied plaintiff's motion to proceed in forma pauperis and dismissed this action pursuant to 28 U.S.C. § 1915(g), pursuant to the "three strikes" provision therein. [ECF Nos. 4 and 5]. On October 7, 2022, plaintiff placed his motion for reconsideration of the dismissal in the prison mailing system at Southeast Correctional Center (SECC) in Charleston, Missouri. [ECF No. 7]. For the reasons discussed below, the Court will deny plaintiff's motion for reconsideration.

**Background**

As discussed in the Court's Memorandum and Order dated September 21, 2022, the Prison Litigation Reform Act of 1996 ("PLRA") enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain in forma pauperis status is limited if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action … under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action … in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol,* 127 F.3d 763, 764 (8th Cir. 1997).

Review of this Court's files revealed that plaintiff had accumulated more than three strikes. *See Williamson v. Missouri Dept. of Corr., et al.,* No. 4:19-cv-1561 HEA (E.D. September 27, 2019) (summary dismissal on res judicata grounds and for failure to state a claim upon which relief may be granted)[1]; *Williamson v. Corizon, Inc., et al.,* No. 1:15-cv-220 ACL (E.D. Mo. October 12, 2016) ) (summary dismissal for failure to state a claim upon which relief may be granted and also because plaintiff's complaint was malicious); *Williamson v. Wallace, et al.,* No. 1:16-cv-67 SNLJ (E.D. Mo. May 6, 2016) (summary dismissal on for failure to state a claim and because plaintiff's complaint was legally frivolous); *Williamson v. Kemna, et al.,* No. 5:19-cv-6072 GAF (W.D.Mo. January 2, 2020) (summary dismissal on res judicata grounds).

As a result, the Court found that plaintiff was unable to proceed in forma pauperis in this case unless he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). Because the Court found that

---

[1] The Eighth Circuit Court of Appeals has recognized that dismissals on res judicata grounds are properly counted as "strikes" for purposes of 28 U.S.C. § 1915(g). *See Higgins v. Carpenter*, 258 F.3d 797, 801 (8th Cir. 2001) (prior cases dismissed as barred by res judicata qualified as strikes), *Burke v. St. Louis City Jails*, 603 F. App'x 525 (8th Cir. 2015) (affirming the portion of the district court's decision determining that the plaintiff had acquired three qualifying strikes when one of the cases the district court cited was dismissed on res judicata grounds); *see also Harmon v. Webster*, 26 F.App'x 844, 846 (11th Cir. 2008) (affirming the district court's determination that its dismissal on res judicata grounds should count as a strike for purposes of § 1915(g)).

2

plaintiff's claims in his complaint related to an assertion that there was an "infestation" of bugs in the Administrative Segregation Unit, as well as retaliation. The Court found that plaintiff was not complaining that he was under imminent danger of serious physical injury at the time of the filing of his complaint, as required to file in forma pauperis under 28 U.S.C. § 1915. Thus, plaintiff's complaint was dismissed pursuant to 28 U.S.C. § 1915(g) on September 21, 2022.

## Motion for Reconsideration

In plaintiff's motion for reconsideration, plaintiff asserts that he alleged enough in his complaint to show "imminent danger" because he "suffered a spider bite to the throat" when he was in Administrative Segregation for thirty (30) days in March of 2022. There was no indication in the complaint, however, that plaintiff suffered lasting injury from the spider bite in March of 2022, and the Court notes that plaintiff was only in Administrative Segregation for approximately thirty (30) days. [2] Additionally, he filed the instant lawsuit by placing his complaint in the prison mailing system at SECC on September 8, 2022, long after he had left Administrative Segregation at SECC.[3] Additionally, plaintiff stated in his complaint that, after he complained about "the vermin" in Administrative Segregation, spraying for bugs occurred at SECC on several occasions.

It is unclear whether plaintiff intends his pro se motion for reconsideration to be brought under Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for

---

[2] An otherwise ineligible prisoner must be in imminent danger at the time of filing the complaint; allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). *See also Tavorn v. Sloane*, No. 5:12-CV-253 MP-GRJ, 2012 WL 5364230, *1 (N.D. FL. Oct. 1, 2012) (plaintiff's claims that he has been denied food and medication, that he has been bitten by insects and that guards have threatened him are conclusional and are not supported by any specific factual allegations that would support a finding of imminent danger); *Gresham v. Neubecker,* No. 2:11-CV-171, 2011 WL 5008024, *2 (W.D. MI Oct. 20, 2011) (plaintiff's claims that guards spit in his food, he was living in a cell with spiders who bit him that caused swelling on face/limbs and he was not given medical treatment for the bites, a correctional officer stole his mail and threatened him, and his food tray was spit on, was insufficient for a finding of imminent danger).

[3] Plaintiff also received a "90-day phone restraint" after sending dead bugs to the Attorney General.

3

mistake or other reason).  Fed. R. Civ. P. 59(e), 60(b); s*ee also Sanders v. Clemco Indus.*, 862 F.2d 161, 164-65, 168–69 (8th Cir. 1988) (discussing differences in characterizing unlabeled motion for reconsideration as either under Rule 59(e) or Rule 60(b)).

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than twenty-eight (28) days after entry of the judgment. *See* Fed. R. Civ. P. 59(e). Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) motions are limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been presented prior to judgment. Furthermore, district courts have broad discretion in determining whether to grant a Rule 59(e) motion. *Id.*

Federal Rule of Civil Procedure 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). It is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

After reviewing the arguments made by plaintiff in his motion for reconsideration, the Court finds that there are no grounds for granting relief under either Rule 59(e) or 60(b). In other words, there is nothing in plaintiff's motion for reconsideration that indicates that plaintiff was in imminent danger at the time of the filing of his complaint such that he should be allowed to proceed in forma pauperis in this matter. *See* 28 U.S.C. § 1915(g).

Plaintiff's motion fails to point to any mistake, newly discovered evidence, fraud, or other reason justifying reconsideration of the Court's judgment. Instead, his motion for reconsideration revisits the same arguments plaintiff made in his complaint. There are no exceptional circumstances here that justify extraordinary relief. Plaintiff is therefore not entitled to reconsideration of the dismissal of his complaint, and his motion for reconsideration will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration [ECF No.7] is **DENIED**.

**IT IS HEREBY ORDERED** that an appeal of this Order would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Clerk shall not accept any additional filings in this matter, save those related to an appeal.

Dated this 24th day of October 2022.

_/s/ John A. Ross_
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE